SOCOTCH, In re, Appellee, v. DEPARTMENT OF LIQUOR CONTROL and BOARD OF LIQUOR CONTROL, Appellants.

Ohio Appeals, Second District, Franklin County.

No. 5070.   Decided May 28, 1954.

Isadore Topper, R. Brooke Alloway, Columbus, William J. Kraus, Cleveland, for appellee.

Hon. C. William O'Neill, Atty. Genl., Robert E. Leach, Chief Counsel, Ralph N. Mahaffey, Asst. Atty. Genl., Columbus, for appellants.

## OPINION

By THE COURT.

This is an appeal on questions of law from an order of the Common Pleas Court reversing and setting aside an order of the Board of Liquor Control affirming an order of the Department of Liquor Control rejecting the application of appellant of date December 15, 1952, for the renewal of a Class D-5 permit, issued to appellant and transferred to 5801 Detroit Avenue, Cleveland, Ohio.

We have carefully considered the extended facts, proceedings and adjudications leading up to the instant appeal, all of which are set forth in detail and briefed by the parties. It will serve no good purpose to restate these developments as they are well known to this Court and to counsel. At the outset, we observe that could we exercise equitable principles in resolving this appeal we might reach a different judgment because the difficulty with which appellee is confronted arises largely because of a rule promulgated by and acted upon by the Department, in good faith, but later found to be invalid.

Appellee, throughout the many proceedings here involved has sought renewal of a D-5 Permit for 5801 Clark Avenue, a transfer of that permit from 5801 Clark Avenue to 5801 Detroit Avenue and a renewal of this latter permit. Appellee now claims only upon her right to a renewal of the permit for the Detroit Avenue premises.

It is basic that before there is the right of a transfer or a renewal of a permit there must be a valid permit upon which such right can be predicated. The last valid permit issued to appellee covered a period from October 21, 1950 to October 21, 1951. **State, ex rel. Socotch v. Bryant, 158 Oh St 249.** It follows then that there could be no continuity between a permit to be renewed, of date October 21, 1952, and a permit which expired October 21, 1951. In view of the judgment in the mandamus action supra, it follows that the only legal manner in which appellee could carry on a night club for business at 5801 Detroit Avenue would have been to secure a new D-5 permit. No such attempt was made by appellee.

We discussed at considerable length the state of the permits here involved in the recent appeal of Socotch v. Board of Liquor Control, No. 4934, Franklin County. The principles there announced, in our opinion, cannot be reconciled with the judgment here under review.

The judgment of the Common Pleas Court will be reversed and the order of the Board of Liquor Control and the Department of Liquor Control will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.